R. W. JOHNSON *v.* SCOTTISH UNION, ETC., INSURANCE COMPANY.*

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

153

*Corpus Juris-Cyc References: Fire Insurance, 26CJ, section 499, p. 391, n. 24; section 507, p. 394, n. 59; section 510, p. 396, n. 68; section 513, p. 399, n. 98; p. 400, n. 2.

CARTER & McKINNEY, for complainant, appellee.

Cox & TAYLOR, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the complainant to recover on a policy of insurance in the sum of $800, covering his house and furniture in Elizabethton—$500 on the house and $300 on the furniture. There was a decree for complainant below, which was affirmed by the Court of Appeals, and the writ of *certiorari* was granted by this court.

154

Some other defenses were interposed in the lower courts but the only defense seriously urged by the Insurance Company on appeal was that the insured did not supply proof of loss as required by the terms of the policy. The Court of Appeals, concurring with the chancellor, found that the loss was *bona fide* and the property destroyed largely exceeded in value the amount of the policy.

The insured was a negro man, who formerly resided in Elizabethton, but had moved to Georgia at the time of the fire. His family had not moved and the house was occupied by them when the loss occurred. The house was on a street where a number of negroes had previously lived. All of them had moved except this family and they had received a threatening letter warning them to leave.

The provision of the policy with reference to proof of loss is as follows:

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon, and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; . . ."

Immediately after the fire the wife of the insured communicated with the agent of the insured located at Elizabethton and he inspected the burned premises. She testified that at his suggestion she gave him a list of all the articles of personal property destroyed, with the value of each, and that he wrote the same down. The house was obviously a total loss. The agent denied this testimony but the chancellor appeared to have accepted as true the statement of the woman and the Court of Appeals apparently agreed with the chancellor. This controversy, however, may be passed over.

The fire occurred on December 2, 1926. It is conceded that a little more than two months thereafter, the Johnson woman, who had meanwhile joined her husband in Georgia, wrote a letter to the agent at Elizabethton, giving him another list of the property destroyed. At about the same time, a colored preacher in Elizabethton, a friend of the Johnsons, furnished the Elizabethton agent with a third list of the destroyed property. The Elizabethton agent testified that he submitted these lists to an assistant adjuster, who came to Elizabethton from the office of an adjuster authorized to settle claims for the insurer, and looked into the fire.

The Johnson woman testified that the Elizabethton agent told her when he made up from her dictation the first list that she had done everything necessary to perfect her claim. This statement he also denied. Again, the conflict between these two witnesses is immaterial, in view of the schedules later furnished to the Elizabethton agent by the wife of the insured and by the preacher Breedlove acting for the insured.

Neither of these two lists was sworn to and they did not set out in detail the value of each of the articles de-

stroyed, although one of the lists contains a valuation on some of the articles. As stated above, these two papers were received by the Elizabethton agent and shown to the man who came down from the adjuster's office. No specific complaint was made by the insurer as to the form of these papers, no defects pointed out therein. The papers were retained by the Elizabethton agent, after they were examined by the man from the adjuster's office, and when requests were made for settlement, according to the evidence of the insurer's witnesses, the insured and his counsel were broadly told to perfect their claim.

By the great weight of authority, if the insured attempts to comply with the requirements of a policy as to notice and proofs of loss, the receipt and retention of such a notice or proof of loss by the insurer without objection constitutes a waiver of its right to object thereto as not satisfying the requirements of the policy. Good faith on the part of the insurer requires that it point out the details in which a notice or proof of loss is insufficient under the contract and give the insured an opportunity to correct these defects. Good faith does not permit an insurer to be silent and evasive under such circumstances. 26 C. J., 399; Joyce on Insurance, sec. 589; *Ligon's Administrators* v. *Insurance Company,* 87 Tenn., 341; *Home Insurance Co.* v. *Wheatley,* 6 Tenn. App., 580.

Such a waiver may be either express or implied. *Phoenix Insurance Co.* v. *Munday,* 45 Tenn. (5 Cold.), 547.

Regardless of the authority of the Elizabethton agent, as stated above, these papers in which the insured attempted to make proof of loss were exhibited to the assistant who came to Elizabethton from the adjuster's

office. The decided weight of authority is that an adjuster, being an agent with authority to settle losses, is regarded as having authority to waive defects or omissions in proofs of loss. 26 C. J., 394; Joyce on Insurance, sec. 584. Being of opinion that the omissions in the proofs of loss supplied by the insured were waived by the insurer as aforesaid, it is not material that such proofs of loss were filed with the Elizabethton agent shortly after the expiration of sixty days from the time of the fire.

The policy does not provide for a forfeiture under such circumstances. *Insurance Company* v. *Whittaker,* 112 Tenn., 151.

The decree of the Court of Appeals is affirmed.