## NATIONAL CITY BANK v. NATIONAL SECURITY CO.

### No. 5901.

Circuit Court of Appeals, Sixth Circuit. April 14, 1932.

R. L. Bartels, of Memphis, Tenn., for appellant.

M. G. Evans, of Memphis, Tenn. (Sivley, Evans & McCadden, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

**8**

MOORMAN, Circuit Judge.

In National City Bank v. Carter, 31 F.(2d) 25, this court affirmed the trial court's decision that the bank was liable to Carter for a fraud practiced upon him by Hunter, one of its vice presidents. As a result of that decision the bank brought this action against the appellee surety company to recover on the bond which it had issued to the bank to indemnify it against Hunter's dishonest acts. Upon motion at the trial the District Court directed a verdict for the surety company and entered judgment thereon on the ground that the bank did not give the company the notice required by the bond. The bank appeals.

The scheme to defraud Carter was effected through the bank on December 27, 1920. Carter filed suit against the bank on April 1, 1922. This was the first knowledge the bank had of Carter's claim against it. The suit came on for trial October 7, 1924, and an order of mistrial was entered October 9, 1924. Thereupon the bank on October 10, 1924, notified the surety company for the first time of Carter's claim and the pending suit. The bond was executed January 1, 1919, and was in effect at the time Hunter committed the acts for which the bank was held liable. After setting forth the agreement to indemnify the bank against certain losses it states:

"The foregoing agreement is subject to the following conditions and limitations:
* * *

"4. The insured shall give to the underwriter written notice of any loss hereunder as soon as possible after the insured shall learn of such loss, and within ninety days after learning of such loss shall file with the underwriter an itemized proof of claim duly sworn to."

Both parties seem to concede and we accept it as settled on the authority of Ocean Accident & Guarantee Corp. v. Old Nat. Bank, 4 F.(2d) 753 (6 C. C. A.), Home Ins. Co. v. Peoria & P. U. Ry. Co., 178 Ill. 64, 52 N. E. 862, and other cases, that the word "loss" refers to a condition in which the insured would be subjected to a claim or demand "out of which a legal liability might arise," and not to an adjudged liability.

The bank contends that, as the bond does not specifically provide that the failure to give notice of the loss shall forfeit the bond or preclude a recovery thereon, the provision requiring the insured to give such no-

tice as soon as possible is not a condition precedent and does not defeat recovery. The bond provides that it "is subject to the following conditions and limitations," one of which is that the insured shall give notice as soon as possible after learning of the loss. It does not state in terms that notice is a condition precedent or that failure to give notice shall forfeit the bond. It is plain, however, according to the current of authority, that, where one of the conditions of an indemnity bond is the giving of notice of the loss within an agreed time, if notice is not given within such time, there is no liability on the bond. In Guarantee Co. of North America v. Mechanics' Sav. Bank & Trust Co., 183 U. S. 402, 22 S. Ct. 124, 125, 46 L. Ed. 253 (on certiorari to [6 C. C. A.] 100 F. 559), a teller's bond, after stating that "the following provisions are also to be observed and binding as a part of this bond," provided that the bank should at once notify the surety company upon becoming aware that the employee was speculating, gambling, or engaged in any disreputable or unlawful habits or pursuits. The court held that the failure to give notice of information that the teller was speculating defeated a recovery on the bond, saying that the rule that doubtful language in a bond is to be interpreted in favor of the insured cannot "be availed of to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements compliance with which is made the condition to liability thereon." See, also, Travelers' Ins. Co. v. Nax (C. C. A.) 142 F. 653; Reynolds v. Detroit Fidelity & Surety Co., 19 F.(2d) 110 (6 C. C. A.); Callen v. Massachusetts Protective Ass'n (C. C. A.) 24 F.(2d) 694; Wachovia Bank & Trust Co. v. Independence Indemnity Co. (C. C. A.) 37 F.(2d) 550; St. Louis Architectural Iron Co. v. New Amsterdam Cas. Co. (C. C. A.) 40 F.(2d) 344; Home Bldg. & Sav. Ass'n v. New Amsterdam Cas. Co. (C. C. A.) 45 F.(2d) 989.

In order to take the case out of the general rule announced by the foregoing authorities, the bank relies upon section 6086 of the Code of Tennessee 1932 (Shannon's Tennessee Code, § 3275a1), which provides that insurance policies issued to or for the benefit of any citizen or resident of the state, except certain policies not here material, shall be "construed solely according to the laws of this state" (the state of Tennessee). The bank contends that, although the con-

struction of insurance contracts is ordinarily a matter of general commercial law upon which the federal courts are not bound to follow the state decisions, yet this statute requires a construction of the contract here in question in accordance with the construction that would be placed upon it by the courts of Tennessee. We cannot accept the view that a state by legislative act can impose upon the federal courts the duty of determining a question of general law according to the decisions of the state courts, nor can we assume that this statute contemplates the imposition of such duty or was framed with any other purpose in view than to declare a local policy binding upon the state courts. Since Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, it has been uniformly held that the word "laws," as used in the Conformity Act and other statutes similar to the one here involved, means statute laws as construed by the highest courts of the state, and not decisions of the state courts on questions of general law. This was expressly held in Russell v. Grigsby, 168 F. 577 (6 C. C. A.), unaffected on this point by the reversal in 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863. The statement in Rife v. Lumber Underwriters, 204 F. 32, 39 (6 C. C. A.), that the validity and interpretation of the policy there in dispute were "to be determined by the laws of that state" (that is, the state of Tennessee), obviously referred to the statute laws.

■ While the decisions of the Tennessee courts are not binding upon this court on the question here under consideration, if it were otherwise, we would still be of opinion that the failure of the bank to give notice of the loss relieved the insurance company of liability therefor. In Blackman v. United States Casualty Co., 117 Tenn. 578, 103 S. W. 784, the policy insured "subject to the provisions, conditions, and limits herein." One of the clauses provided for written notice within ten days after the contracting of a disease. Another stated that failure to comply with any provision or condition should forfeit all rights of indemnity, and the court held "that the notice clause" expressed "a condition precedent to the right of recovery." This case was discussed and interpreted in Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S. W. 128, 130, which involved an indemnity policy providing for the giving of immediate notice of injury or loss. There was no provision in the policy for forfeiture, but the court held that the giving of notice was a con-

dition precedent to the right of recovery, saying: "It is not essential that there should be any provision for forfeiture in order to give effect to a condition precedent. This is apparent from the Massachusetts case, and other cases cited, and from the very nature of a condition precedent." An examination of the cases upon which this statement was based discloses that but one of them, McCord v. Masonic Casualty Co., 201 Mass. 473, 88 N. E. 6, provides in terms for forfeiture, and only one other, Deer Trail Consol. Min. Co. v. Maryland Casualty Co., 36 Wash. 46, 78 P. 135, 67 L. R. A. 275, mentions condition precedent. It thus appears that according to the Tennessee rule a condition precedent is not made dependent upon the use of that term or upon a provision for forfeiture, but exists in a bond or contract of insurance where "expressed with sufficient clearness" to convey the intent of the parties, whatever the language used. The present case is distinguishable from Insurance Co. v. Whitaker & Dillard, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916, and Green v. United States Fidelity & Guaranty Co., 135 Tenn. 117, 185 S. W. 726, since the bond in this case, unlike those there involved, did not provide for forfeiture for breach of some conditions and not for forfeiture for breach of others. Nor is it controlled by the dictum in Johnson v. Scottish Union, etc., Ins. Co., 160 Tenn. 152, 22 S.W.(2d) 362, which was decided on the question of waiver. There is nothing, therefore, in the cases cited by the bank to indicate that the Tennessee decisions are not in harmony with those of the federal courts.

■ A further contention of the bank is that the giving of notice was waived by the surety company. Upon receiving notice of the Carter suit with a copy of the declaration, the surety company acknowledged receipt thereof and asked to be kept advised of the progress of the case. In acknowledging later advices of the bank that judgment had been rendered against it and its motion for a new trial overruled, the surety company stated that it had examined the declaration and did not see anything "therein contained that would bring the matter within the scope of the bond so that should the litigation eventually result in the National City Bank having to liquidate a judgment, as we now view the matter, there would be no responsibility under our bond." It further stated that "it must be understood that we do not admit any liability, therefore, this, and any other correspondence that may ensue must be without

prejudice." Further correspondence followed. In 1926 the company wrote that it saw no reason to change its position as previously stated, and in 1927 that, even if liability under the bond existed, it "was relieved by reason of the failure of the bank to comply with the various terms and conditions of the bond."

Although the surety company at first denied liability on the ground that the loss was not within the scope of the bond, in the same letter it said: "We do not admit any liability" and "this, and any other correspondence that may ensue must be without prejudice." It was said by this court in Reynolds v. Detroit Fidelity & Surety Co., 19 F.(2d) 110, 113, that, "in the absence of conduct creating an estoppel, a waiver must be supported by an agreement founded upon a valuable consideration. There can be no waiver unless so intended by one party and so understood by the other, but when a party has so acted as to mislead the other he is estopped thereby." There is nothing in the evidence in the present case to show that the surety company ever admitted liability or ever agreed at any time, for or without a consideration, to waive the notice required by the bond. Nor is there evidence of any act committed by it that operates to estop it from taking advantage in this proceeding of the default of notice. That default had already occurred when it was advised of the loss. Nothing that it did or failed to do at that time or later misled the bank or placed it in a position different from that which it originally occupied. Had the surety company denied liability for lack of earlier notice when its attention was first called to the Carter claim, the bank could have done nothing that it did not do to avoid the effect of its default. In this situation there can be no estoppel. Travelers' Ins. Co. v. Nax, and Callen v. Massachusetts Protective Ass'n, supra. The case is unlike Continental Ins. Co. v. Fortner, 25 F.(2d) 398 (6 C. C. A.), where the insurance company denied liability before the expiration of the sixty-day period for filing proofs of loss. In that case it was held that the company was estopped from relying on the failure to file proofs of loss having by its own act induced plaintiff not to file them within the necessary time. Knickerbocker Life Ins. Co. v. Pendleton, 112 U. S. 696, 5 S. Ct. 314, 28 L. Ed. 866, and Royal Ins. Co. v. Martin, 192 U. S. 149, 24 S. Ct. 247, 48 L. Ed. 385, are to the same effect.

The judgment is affirmed.