PENNSYLVANIA, ETC., INSURANCE CO. *v.* JAMES T.
HORNER *et al.*

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

Rehearing denied August 2, 1955.

WALLACE F. BURROUGHS and KEITH M. HENRY, both of
Knoxville, for appellant.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor found in favor of the Insurance Company, but the Court of Appeals reversed.

This lawsuit grows out of an automobile collision in Knoxville, on January 31, 1953, on East 5th Avenue. Horner is the holder of the insurance policy with complainant Company. After the accident the insurance company filed its bill in the Chancery Court seeking to ascertain its rights under the Horner policy, and whether it was liable for the damages growing out of the collision.

The policy in question provides in part as follows:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

The defendant Kerr, plaintiff in the action at law, filed an answer denying the material allegations of the bill. The answer also denied that any delay in giving notice or any assumption of liability by the insured for another claim as charged in the bill resulted in any prejudice to complainant, or violated the terms of the policy in reference to this defendant's claim for personal injuries. The insured filed no answer and a judgment pro confesso was entered as to him.

The Chancellor found the facts in favor of the insurance company as to a breach of the above policy provisions and permanently enjoined both defendants from prosecuting any action on the policy. The defendant Kerr appealed.

The facts are that Horner was driving his insured automobile eastwardly; Kerr, a postal employee, had

parked a government owned mail truck along the curb on the south side of the street, and was engaged in assorting mail within the enclosed bed of the truck. No one was in the cab.

Horner's car struck the parked truck a glancing blow, knocking off two hub caps of the car and damaging the truck to the amount of about $25. The cost of repairing the car was approximately $80.

The collision only slowed the car, and after looking back and seeing no one in the cab of the truck, Horner proceeded on his way. The discovery of the hub caps by the police resulted in his identity and a few days after the collision he was charged in City Court with hit-and-run driving. Apparently fearing Federal prosecution Horner sought out the proper postal authority in Knoxville, and on February 10, 1953, signed a statement admitting that he was driving at a speed of 30, or 35, miles per hour and admitting that the accident was his fault, and thinking the damage to the truck negligible kept on going. By the terms of the statement Horner assumed all costs connected with any necessary repairs to the mail truck and all costs incident to any hospital, or medical treatment of any person suffering any bodily injury as a result of the accident.

There is no proof that the company was advised of any injury to Kerr, or that there was an occupant of the truck at the time of the collision until suit was filed in the Circuit Court June 23, 1953, or nearly five months after the collision. On the same day the company was notified and promptly began an investigation of the collision under a reservation of rights.

There is no insistence that Horner had any possible defense to any claim on the part of Kerr for personal injuries.

Complainant insists however that one purpose of the policy provisions is to enable the company to conduct settlement negotiations. However, the Court of Appeals found that the company was not prejudiced by failure to give notice on the part of Horner, and since the policy contains no provision for forfeiture, the company cannot avail itself of these provisions of the policy. *Insurance Co.* v. *Whitaker & Dillard,* 112 Tenn. 151, 79 S. W. 119, 64 L.R.A. 451; *Tibbs* v. *Equitable Life Assurance Society,* 179 Tenn. 594, 168 S. W. (2d) 779.

In all of these cases the recoveries on the policy were sustained against the contention that notice had not been given within the time fixed by the policy.

So this brings us to the question to be determined, that is, whether the failure on the part of Horner to notify the insurance company of the collision, and his admission of unconditional liability relieves the insurance company under the terms of the policy. The Court of Appeals held that the policy containing no forfeiture provision did not relieve it from liability.

It should be borne in mind in the present case that the insured Horner gave no notice whatever of the collision, but signed a statement about ten days after the collision stating that he was entirely in fault and assumed responsibility for damages and injuries both to property and person. The company had no notice of the collision until about five months afterwards, so that it will be seen that Horner not only failed to give notice but failed to cooperate in any way with the company.

In *Phoenix Cotton Oil Co.* v. *Royal Indemnity Co.,* 140 Tenn. 438, 205 S. W. 128, 130, this court said:

"The complainant insists that, inasmuch as there was no technical forfeiture provided for in the policy, relief should not be denied it. The refusal to grant

relief for failure to comply with a condition precedent does not depend on a right of forfeiture, although sometimes inaccurate expressions occur in opinions of the courts that seem to blend the two principles. See [National Paper] Box [Co.] v. [Aetna] Insurance Co., 170 Mo. App. [361], 371, 156 S. W. 740, quoting a passage from Cooley's Briefs on the Law of Insurance."

In *Johnson* v. *Scottish Union, etc.*, 160 Tenn. 152, 22 S. W. (2d) 362, the Court held that if the insured attempts to comply with the requirements of a policy as to notice and proof of loss, the receipt and retention of such a notice, or proof of loss, by the insurer without objection constitutes a waiver of its rights to object thereto as not satisfying the requirements of the policy. Good faith on the part of the insurer requires that it point out the details in which a notice, or proof of loss is insufficient under the contract and give the insured an opportunity to correct these defects. Good faith does not permit an insurer to be silent and evasive under such circumstances. Joyce on Insurance Sec. 589; *Ligon's Adm'rs* v. *Equitable Fire Insurance Co.*, 87 Tenn. 341, 10 S. W. 768.

In *Horton* v. *Employers Liability Assurance Corporation, Ltd.*, 179 Tenn. 220, 164 S. W. (2d) 1016, this court held that a provision of an automobile liability policy requiring assistance and cooperation of the insured in the defense of any suit brought by a third party to recover under the policy is valid, in the absence of any statute to the contrary. Annotation 72 A. L. R. 448; Annotation 98 A. L. R. 1465. This provision is a condition precedent, failure to perform which in the absence of waiver, or estoppel, constitutes a defense to liability on the policy. *Bachhuber* v. *Boosalis*, 200 Wis. 574, 229

N. W. 117; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443.

In *Tibbs* v. *Equitable Life Assurance Society*, it was stated that the Court of Appeals held that the proof of loss was given in proper time according to the provisions of the policy.

In the Tibbs case, supra, the court approved the holding in *Johnson* v. *Scottish Union, etc., Insurance Co.*, supra, wherein it was held that failure to file notice and proof of loss within the period named in the policy does not defeat a recovery where the notice or proof of loss was merely defective.

We have no such situation here. No notice whatever was given by the insured Horner, nor did he cooperate with the company in any particular.

The decree of the Court of Appeals is reversed and the decree of the Chancellor affirmed.