**Dr. John H. SOHM, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellee.**

**No. 16149.**

United States Court of Appeals
Sixth Circuit.

Nov. 1, 1965.

John S. Porter and Joel H. Porter, Memphis, Tenn., Burch, Porter & Johnson, William J. Ling, Memphis, Tenn., of counsel, for appellant.

Robert L. Green, Neely, Green & Fargarson, Memphis, Tenn., for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

On August 10, 1962, Appellant performed an operation on Mrs. Lena Wilson to correct a right inguinal hernia.

Mrs. Wilson complained the next day to Appellant of pain in her leg. Mrs. Wilson continued to complain to Appellant of the pain in her leg until September 12, 1962, when she sought medical care from Dr. R. Sanders. Mrs. Wilson refused Appellant's request to re-operate to discover the cause of the pain. On October 1, 1962, Dr. Sanders performed an exploratory operation on Mrs. Wilson, and discovered that a silk suture had been passed through the edge of the femoral nerve. Appellant was present as an observer at this operation.

Appellant admitted he was solely responsible for the suture being placed into the nerve, and that this caused the injury to the nerve which resulted in the pain experienced by Mrs. Wilson. Appellant cancelled his surgery bill because he felt obligated for the trouble caused Mrs. Wilson.

Appellant was insured by the Appellee for malpractice under a comprehensive liability policy. On March 9, 1963, Appellant received a letter from Mrs. Wilson's attorney. Appellant notified the Appellee on March 11, 1963, of Mrs. Wilson's claim. On April 10, 1963, Appellant was advised by Appellee that coverage was denied because of his failure to give notice as required under the terms of the policy. Appellant settled his liability to Mrs. Wilson by payment of $12,500.

Appellant brought this suit against the Appellee for recovery. Appellant appeals from a judgment of the District Court in favor of the Appellee.

The question presented by this appeal is whether the notice provision of a liability policy insuring against malpractice by a physician which requires giving notice "as soon as practicable" after insured becomes "aware of an alleged injury covered hereunder" is breached so as to preclude coverage where notice was given immediately upon the insured learning that the injured party intends to assert a claim for malpractice.

The applicable provisions of the policy are:

"5. With respect to the insurance afforded by this endorsement:

"(b) Upon the Insured becoming aware of any alleged injury covered hereunder, written notice shall be given by or on behalf of the Insured, in accordance with the 'Notice of Accident' Condition of the policy.

"10. Notice of Accident:

"When an accident occurs written notice shall be given by or on behalf of the Insured to the Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"13. Action Against Company:

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company."

This is a diversity action in which Tennessee law applies. In determining whether Dr. Sohm was entitled to coverage under the provisions of his insurance policy, the appellant contends that Insurance Co. v. Whitaker & Dillard, 112 Tenn. 151, 79 S.W. 119, 64 L.R.A. 451 (1903) is controlling. There the policy provided that "if fire occur the insured shall * * within sixty days after the fire * * * make proofs of loss." The insured notified the company 69 days after the fire. No forfeiture is provided for in the policy for failure to furnish the proofs of loss within the sixty-day period, although there were many other conditions of the policy for which forfeitures were pro-

vided. The Court quoted and followed Joyce on Insurance:

"If a policy of insurance provides that notice and proofs of loss are to be furnished within a certain time after loss has occurred, but does not impose a forfeiture for failure to furnish them within the time prescribed, and does impose forfeiture for a failure to comply with other provisions of the contract, the insured may, it is held, maintain an action, though he does not furnish proofs within the time designated, provided he does furnish them at some time prior to commencing the action upon the policy. And this has been held to be true even though the policy provide that no action can be maintained until after a full compliance with all the requirements thereof."

The Appellee contends that Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S.W. 128 (1918) is controlling. The Royal Indemnity Company policy provided that as a condition precedent to liability, the insured shall "upon the occurrence of any accident covered by this policy give immediate written notice thereof to the company." The Insurance Company was not notified until seven months after the accident. The policy contained no forfeiture provision, and the petition alleged the Insurance Company suffered no prejudice by the delay. In holding that the failure to give the required notice defeated the policy, the Court said:

"By its express terms the giving of immediate notice was made a condition precedent to the right of recovery. * * * "The complainant insists that, inasmuch as there was no technical forfeiture provided for in the policy, relief should not be denied it. The refusal to grant relief for failure to comply with a condition precedent does not depend on a right of forfeiture, although sometimes inaccurate expressions occur in opinions of the courts that seem to blend the two principles * * * it is not essential that there should be any provision for forfeiture in order to give effect to a condition precedent."

The Appellant relies upon two later cases, Spradlin v. Columbia Ins. Co. of New York, 34 Tenn.App. 17, 232 S.W.2d 605 (1950) (Cer. den. 1950), and Munal Clinic v. Applegate, 38 Tenn.App. 280, 273 S.W.2d 712 (1954) (Cert. denied 1954). In Spradlin the notice provisions of the policy were as follows:

"(b) Give notice thereof as soon as practicable to the company * * *

"(c) File proof of loss with the company within sixty days after the occurrence of loss * * *

"5. Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *"

The insured did not notify the company until six months after the accident. The delay was due to the fact the insured did not know he owned the policy. The Court distinguished the case from the Phoenix case, supra, in that the insured in Phoenix had actual knowledge of the injury while here the insured had no knowledge of the existence of the policy. The Court said:

"Our courts recognize that delay in giving notice and filing proofs of loss within the prescribed time may be excused under certain circumstances * * * We hold that lack of knowledge of the insured (whom we absolve of negligence), excuses the delay."

In the Munal Clinic case, supra, the patient received no injury in the hospital, escaped from the hospital and later died in the city jail. The Hospital had no knowledge of any injury until a claim was made against the Hospital. The insurance policy was similar to the policy in Spradlin. The Court reiterated the rule that delay in giving notice and filing proofs of loss within the prescribed time

may be excused under certain circumstances. The Court found there were sufficient circumstances present to excuse the delay.

The Tennessee Supreme Court again considered this question in Pennsylvania, etc., Insurance Co. v. Horner, 198 Tenn. 445, 281 S.W.2d 44 (1955). The Insurance Company was not notified until five months after the collision. The Court of Appeals, relying upon the Whitaker case, found that the Company was not prejudiced by the failure to give notice, and since the policy contained no forfeiture provision, the Company could not avail itself of the notice provisions of the policy. In reversing the Court of Appeals, the Supreme Court cited and quoted the Phoenix decision, supra. The Court found that the failure to notify and cooperate with the insurer in violation of the terms of the policy relieved the insurer from liability despite the fact that the policy contained no forfeiture provision.

This Court, in two cases, Rural Educational Ass'n, Inc. v. American Fire & Casualty Co., 207 F.2d 596 (C.A.6th, 1953) and Todd v. National Surety Corporation, 226 F.2d 579 (C.A.6th 1955) relied upon the Phoenix case in holding that a delay on the part of the insured in giving notice to the insurer was a breach of the policy provision requiring such notice to be given "as soon as practicable."

■ In the present case, although Mrs. Wilson complained of pain to the Appellant the day following the first operation on August 10, 1962, and continued to complain of pain until September 12, 1962, no action was taken by the Appellant to notify the Appellee. At this point it might be understandable that some doubt would exist in the Appellant's mind as to the cause of injury. However, this doubt was, or should have been, completely removed on October 1, 1962, when Appellant observed the second operation by Doctor Sanders, readily admitted that he placed the suture through the edge of the femoral nerve, and this caused the injury of which Mrs. Wilson complained. Further, Appellant admits he knew Mrs. Wilson had a right to bring a lawsuit against him. No action was taken by Appellant to give notice to the Appellee until March 11, 1963, two days after receiving a letter from Mrs. Wilson's attorney. The Court is unable to find any circumstances beyond the control of Appellant which would excuse Appellant from giving the required notice "as soon as practicable."

Appellant argues that "becoming aware of any alleged injury covered hereunder" means either the insured is under no duty to give notice until he makes a subjective determination that the injury resulted from malpractice and a claim will be brought thereon, or the insured is under no duty to give notice until the injured party alleges that an injury is covered under the policy. Appellant cites Connors v. American Casualty Co., 330 F.2d 505 (C.A.6, 1964), and Watkins v. United States Casualty Co., 141 Tenn. 583, 214 S.W. 78 (1919). Both these cases involved the question "when was the loss of an eye irrevocable" for purposes of giving notice under a disability policy. Both Courts held the duty to give notice of loss of an eye was after the insured was informed by his physician that the eye was entirely and irrevocably lost. Under the reasoning of these two cases, the Appellant was aware of an alleged injury covered under the policy after the second operation.

As stated previously, the Court is of the opinion that when the Appellant knew on October 1, 1962, that he caused the injury of which Mrs. Wilson complained, and at that time also knew she had a right to bring a lawsuit, he was aware of an alleged injury covered under his liability policy. This provision does not mean that the Appellant could wait until he was sued.

■ It is the finding of the Court that the delay on the part of the Appellant, in the absence of circumstances beyond his control, in complying with the terms of

the policy to furnish written notice to the Appellee "as soon as practicable" was a breach of the policy provisions requiring such written notice to be furnished. Phoenix Cotton Oil Co. v. Royal Indemnity Co., supra; Pennsylvania, etc., Insurance Co. v. Horner, supra; and, Rural Educational Association, Inc. v. American Fire and Casualty Co., supra. The inquiry into whether the Appellee was prejudiced by the delay is irrelevant "for if the giving of notice was a condition precedent to the right of recovery, the failure to give it prevented any liability from attaching." Phoenix Cotton Oil Co. v. Royal Indemnity Co., supra.

■■ Appellant finally contends that the Appellee waived its right to deny liability for failure to give timely notice when it received and retained late notice without objection for a period of thirty days, and during this time made an investigation of the claim. There were no acts, representations or omissions by the agent upon which the Appellant relied to his detriment. Nor were there any acts or representations made which reasonably induced the Appellant to believe any prior omissions were excused. The agent did not conduct any negotiations or settlement discussions, nor did the agent admit liability. In fact, the record discloses the Appellant was told that the information would be sent to the Home Office, and the Home Office had the last word. The mere fact the agent investigated the claim did not amount to a waiver of the notice requirement. Lewis v. Fire Association of Philadelphia, 183 F.2d 647 (C.A.7, 1950). The following letter to Mr. Krivcher did not acknowledge coverage:

> "Your letter of March 8, 1963 addressed to Dr. J. J. Sohm has been turned over to this office as we provide liability coverage for Dr. Sohm."

This letter merely acknowledges that Appellant had a liability policy with the Appellee, and nothing more.

The judgment of the District Court is affirmed.