**Randall MELTON et al.,**
**Plaintiffs-Appellants,**

v.

**REPUBLIC VANGUARD INSURANCE COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Aug. 6, 1976.

Joe P. Binkley, Jr. and George E. Mudter, Jr., Nashville, for plaintiffs-appellants.

James V. Mondelli and Donald D. Hildebrand, Nashville, for defendant-appellee.

SHRIVER, Presiding Judge.

### OPINION

#### The Case

This is an appeal from a final decree entered September 15, 1975 in the Chancery and Probate Courts of Davidson County, Honorable Shelton Luton, Judge, which decree dismissed the plaintiffs' cause of action at plaintiffs' costs and from which judgment the plaintiffs appealed.

The suit was commenced by a complaint filed February 11, 1974 for breach of a contract of insurance issued by the defendant Company as a homeowner's policy to James R. Barnes, one of the plaintiffs.

The complaint asserts, and it is not denied, that the defendant Insurance Compa-

ny issued a homeowner's type policy to plaintiff Barnes and that said policy was in force and effect at the time in question here.

It is asserted in the complaint that on the 17th day of January, 1971, plaintiff James R. Barnes accidently shot plaintiff Randall Melton as he and several other individuals were trespassing on Mr. Barnes' property; that in August, 1971, a civil action was instituted by plaintiffs, Randall Melton and his mother and father, against James R. Barnes for the injuries resulting from the accidental shooting; that on January 26, 1972, a judgment was entered in said civil action in favor of the plaintiffs Melton against Barnes for $5,316.53 compensatory and $30,000.00 punitive damages; that defendant, Republic Vanguard Insurance Company, defended James R. Barnes in said civil action under a reservation of rights and, after entry of judgment against Barnes, the Insurance Company refused and continues to refuse to honor its insurance contract and refuses to pay on the judgment obtained by plaintiffs Melton; therefore, Barnes sues the Insurance Company for $25,000.00 which is the face amount of the policy, plus 25% penalty.

### Assignments of Error

There are two assignments, as follows:

"1. The Court's finding that notice was not given to the Insurance Company in the case 'as soon as practicable' is contrary to both the law and the evidence.

2. The Court's finding that the shooting incident was not an accident and thus, not covered by the insurance policy, is contrary to both the law and the evidence."

This cause was heard by Judge Shelton Luton, sitting as Chancellor, and, following the hearing of said cause, he filed a Memorandum Opinion on August 15, 1975, which sets out in a clear and succinct manner the issues in this cause, together with his conclusions of law and the facts upon which he based his judgment.

His Opinion, in pertinent part, is as follows:

### "MEMORANDUM

This cause was heard by the Court upon the pleadings, testimony of plaintiff James R. Barnes and witnesses Robert V. Dixon and David Clay, adduced orally before the Court, testimony of witnesses David H. Clay and Robert V. Dixon by depositions taken for discovery and/or evidence purposes, exhibits, briefs filed by counsel for the parties, together with the entire record.

Defendant's insurance policy, covering among other things, personal liability of the insured for sums which he shall become legally obligated to pay as damages because of bodily injury to which this insurance applies, caused by an occurrence, was in full force and effect on January 17, 1971. Among the exclusions of coverage provided in said policy was 'bodily injury . . . which is either expected or intended from the standpoint of the insured.'

Said policy further placed upon the insured the duty, in the event of an accident or occurrence, to give written notice thereof containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances of the occurrence reported, names and addresses of the injured and of available witnesses 'shall be given by or for the insured to this company or any of its authorized agents as soon as practicable.'

The policy further contained the provision that 'no suit or action shall lie against this company unless, as a condition precedent thereto there has been full compliance with all of the provisions and stipulations of this policy . . .'

.     .     .     .     .

Plaintiff undertakes to excuse the failure of the plaintiff to give notice sooner on the ground that he did not know the policy which he had with the defendant company covered a claim such as the one here in question. There are instances in which the Courts have held that the fail-

ure to give notice within the prescribed time was excusable. The rule for application of this principle, as understood by this Court, is that the delay or failure in giving notice must be due to circumstances beyond the control of the party charged with giving notice. In the case of *Mutual [Munal] Clinic v. Applegate*, 38 Tenn.App. 280, [273 S.W.2d 712] a patient of the hospital on June 27, 1952, received no injury in the hospital and escaped on June 30, 1952 from the hospital and later died in the City Jail on that date. On February 27, 1953, the hospital administrator gave written notice to the insuror of this incident. The Court held that the delay in giving notice was excusable because, at the time of the escape there was no evidence of bodily injury and there was no reason for the complainant to believe that a claim for damages would arise.

In the case of *Spradlin v. Columbia Insurance Company of New York*, 34 Tenn.App. 17, [232 S.W.2d 605] failure to give notice was due to the ignorance of the claimant of the existence of a policy of insurance. The policy had been taken out at the instance of the seller of the automobile and the purchaser did not know that same was in existence. The Court held that lack of knowledge of the existence of the policy was a sufficient excuse for failure to give notice.

From the foregoing authorities, the Court concludes that the time which elapsed between the incident here involved and the giving of notice to the insurance company extended beyond that allowable as being 'as soon as practicable.' No evidence was adduced which would tend to show that anything stood in the way of the plaintiff's reading his policy or having same interpreted for him and notifying the insurance company in accordance therewith. This Court believes that a period of approximately seven months was much more than sufficient to enable the plaintiff to ascertain his rights.

Furthermore, the fact that the plaintiff did not know that this incident was cov-ered by this policy is not sufficient in the eyes of the Court, to excuse him from giving notice. It is the understanding of the Court that the failure of an insured to read his insurance policy can not be availed of as an excuse for not complying with the requirements thereof.

It is, therefore, the conclusion and opinion of the Court that this cause should be dismissed upon the ground that the notice was not given in accordance with the time of the policy.

.     .     .     .     .

This August 15, 1975.
/s/ Shelton Luton
JUDGE"

The Chancellor dismissed plaintiffs' suit on the dual grounds of the failure of insured to give timely notice of claim and lack of coverage due to the intentional character of the wrong committed by the insured.

Strangely, neither the brief of the appellant nor that of the appellee makes any statement as to when notice was given or cites the portion of the record where such information is available. Rule 12 of the Rules of this Court was disregarded in this respect.

Search of the record discloses that the defendant-insurer was first notified on August 11, 1971, nearly seven months after the incident of January 17, 1971, and after suit had been filed against insured by the injured party.

Insured admitted that he knew of the existence of his "home owner's policy" and that it required prompt notice of incidents upon which claim might be made, but he testified that he was unaware that the policy contained the liability coverage upon which this suit is based. Insured admitted, however, that he had read the provision excluding bodily injury or property damage caused intentionally by or at the direction of the insured.

This Court agrees with the Chancellor that the failure of the insured to promptly notify the insurer constitutes a complete defense to this action. The policy

**316**

clearly requires a complete and prompt report of incidents from which claims might arise, and exonerates the insurer for failure of the insured to comply with all provisions of the policy.

Such provisions were enforced in the case of *Phoenix Cotton Oil Company v. Royal Indemnity Company,* 140 Tenn. 438, 205 S.W. 128 (1918), wherein the Court held that the giving of notice was a condition precedent to the right of recovery, and the failure to give it prevents liability from attaching. In *Phoenix* the delay in giving notice was also seven months. See *Pennsylvania Insurance Co. v. Horner,* 198 Tenn. 445, 281 S.W.2d 44 (1955) (5 months delay); *Todd v. National Surety Corp.,* 226 F.2d 579 (CA 6th 1955) (8 months delay); *Sohm v. U.S.F. & G.,* 352 F.2d 65 (1965) (5½ months delay).

This case does not fall within the circumstances which excused delayed notice in *Spradlin* and *Munal Clinic,* 38 Tenn.App. 280, 273 S.W.2d 712 (1954). The plaintiff had reasonable ground to believe a claim would arise against him and also had knowledge of insurance. He made no attempt to investigate or take any action with reference to insurance until after suit was brought some six months after the accident occurred.

The giving of notice by the plaintiff Barnes was a condition precedent to the right of recovery and the failure to give such notice as soon as practicable prevents any liability from attaching to the defendant Insurance Company.

Assignment No. 1 is overruled.

Since it has been determined that the Chancellor's decision is supported by the failure to give timely notice, it is unnecessary to consider the other ground of his decision. The second assignment of error is therefore pretermitted.

The decree of the Chancellor is affirmed. The costs of this appeal are taxed against the appellants.

AFFIRMED.

TODD and DROWOTA, JJ., concur.