# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**January 22, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

HELEN BELL,                  )

     Plaintiff/Appellant,     )

)

)   Appeal No.

)   01-A-01-9802-CV-00079

VS.                      )

)   Warren Circuit

)   No. 8868

TENNESSEE FARMERS MUTUAL  )

INSURANCE COMPANY,      )

)

     Defendant/Appellee.    )

APPEALED FROM THE CIRCUIT COURT OF WARREN COUNTY
AT MCMINNVILLE, TENNESSEE

THE HONORABLE CHARLES D. HASTON, JUDGE

PETER J. STRIANSE
2100 First American Center
Nashville, TN 37238

AUBREY HARPER
114 N. College Street
McMinnville, TN 37110
     Attorneys for Plaintiff/Appellant

STEVEN A. DIX
201 West Main Street, Ste. 201
Murfreesboro, TN 37130
     Attorney for Defendant/Appellee

REVERSED AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The owner of a homeowner's insurance policy sued the defendant insurance company to recover benefits allegedly due under the policy. The defendant moved for summary judgment, which the trial court granted, based on the plaintiff's alleged failure to comply with the notice provisions in the policy, and on her best interest plea of facilitation to commit arson. We reverse the trial court.

## I.

Helen Bell's McMinnville home was insured under a homeowners policy, issued by Tennessee Farmers Mutual Insurance Company. On November 27, 1995, the home was destroyed by fire. Within forty-eight hours, Ms. Bell's fiancé Robert Hennessee verbally notified insurance agent Jeff Flatt about the loss. Mr. Flatt allegedly told Mr. Hennessee that the insurance company was already aware of the fire, that company investigators were working with the fire marshall and local law enforcement on an arson investigation, and that there was no time limit on the filing of a claim. Ms. Bell submitted actual written notice of the fire to the insuror on December 28, 1995.

Ms. Bell was indicted for arson on March 8, 1996. The insuror subsequently refused to honor her claim under the homeowner's policy, asserting that she had caused the fire loss to her home. On November 26, 1996 she filed a complaint in the Circuit Court of Warren County, asking that a jury of twelve be allowed to determine whether the insurance company should be compelled to honor its policy, to reimburse her for her loss, and to pay a 25% penalty for its alleged bad faith.

As the civil case proceeded, so did negotiations in the criminal case. Pursuant to those negotiations, Ms. Bell entered a best interest plea of guilty to the

offense of facilitation to commit arson on January 29, 1997, and the criminal court granted her judicial diversion. She was given three years probation, after which her plea would be expunged from the record if she complied with the conditions of probation.

The insurance company filed a Motion for Summary Judgment on the ground that the plaintiff's plea in the criminal case voided her policy. A memorandum in support of the motion also recited that the insured had waited over thirty days before notifying the company of the loss, and that she cleaned up the evidence in the interim, thus hampering the defendant's investigation.

On August 19, 1997, the trial court granted summary judgment to the defendant, citing ". . . the failure of the insured to comply with the notice conditions precedent to coverage, and for the Plaintiff's admission of her role in the facilitation of arson." Ms. Bell subsequently filed a Motion to Alter or Amend the Judgment, accompanied by the affidavit of Robert Hennessee, and the addendum to her best interest plea of guilty.[1] The addendum had been prepared contemporaneously with the written plea, and had been signed by the defendant, her counsel, and the prosecuting attorney. In it, Ms. Bell acknowledged that she was voluntarily entering a plea of guilty because her best interests required it, but stated that she was unwilling to admit participation in the acts constituting the crime. The Motion to Alter or Amend was denied. This appeal followed.

## II. The Notice Requirement

---

[1]Ms. Bell does not contest the admissibility of the best interest plea. A guilty plea is ordinarily admissible in a civil trial as a judicial admission. Tenn. Code Ann. § 40-35-313(b)(1). A plea of *nolo contendere*, however, is not. *See* Rule 410(2), Tenn. R. Evid. We do not express an opinion on whether the best interest "Alford" plea would be admissible if a timely objection were made. (For a discussion of the "Alford" plea see Part III below.)

The terms of the insurance policy included the following instruction to policyholders:

**1.    What to Do in Case of Loss**

If a covered loss occurs, the insured person must:

(a)    give us immediate written notice...
...
(e)    exhibit the damaged property to **us** or **our** representative as often as may be reasonably required;

As the appellee points out, policies requiring "immediate" or "prompt" notice have generally been interpreted to mean that the notice must be given within a reasonable time under the circumstances of the case. *Allstate Insurance Co. v. Wilson*, 856 S.W.2d 706, 709 (Tenn. App. 1992). *See also Melton v. Republic Vanguard Insurance Co.*, 548 S.W.2d 313 (Tenn. App. 1976).

While under our prior cases failure to give the notice was an absolute defense to an action on the policy, the Tennessee Supreme Court has now said that we must consider whether the delay in giving notice resulted in prejudice to the insurance company. *Alcazar v. Hayes*, _____ S.W.2d _____ (Tenn. 1998)(filed December 21, 1998). The Court said that in all cases pending on appeal or tried in the future the failure to give adequate notice put the burden on insureds to prove that they acted in good faith and that the insuror was not prejudiced by the delay.

Thus, even if the thirty-one day delay in giving written notice in this case were to be considered unreasonable, Ms. Bell could still avoid the failure-to-give-notice defense by showing that the delay did not prejudice the insurance company.

We, therefore, reverse the summary judgment granted to the insurance company on the notice question. On remand the trial court should consider the reasonableness of the notice, the good faith of Ms. Bell, and the prejudice to the insurance company.

### III. The Best Interest Plea

In *North Carolina v. Alford*, 400 U.S. 25 (1970) the Supreme Court affirmed the constitutionality of the so-called best interest plea. The Court noted that an ordinary plea of guilty in a criminal case consists of both a waiver of trial and an express admission of guilt. However in a best interest plea (now often called an *Alford* plea) the defendant consents to submit to criminal penalties without trial, and without admitting guilt. The State of Tennessee permits a trial judge to accept a best interest plea, when the defendant enters such a plea voluntarily, with an understanding of its nature and consequences, and when the court is satisfied that there is a factual basis for the plea. *See Dortch v. State*, 705 S.W.2d 687 (Tenn. Crim. App. 1985). The relevant portion of the addendum to Ms. Bell's plea reads:

> Although the Defendant does not contest the fact that a fire was intentionally set at her home located at 3705 Yager Road, McMinnville, Tennessee on November 27, 1995 and that said fire forms the basis of the arson charge contained in Count One of the indictment, the Defendant is unwilling to admit participation in the acts constituting the crime. Nevertheless, the Defendant hereby represents to the Court that the best interest plea of guilty herein is entered by the Defendant voluntarily, knowingly and understandingly and further represents to the Court that the Defendant's interests require entry of such a plea.

The defendant relied upon the following exclusion in the insurance policy for the proposition that Ms. Bell had rendered herself ineligible to collect any benefits:

> **We** do not cover loss resulting directly or indirectly from:
> . . .
> 8.  An action by or at the direction of an **insured person** committed with the intent to cause a loss. This exclusion does not apply to loss sustained by an **insured person** who does not participate in such action nor have knowledge of such action.

The trial court ruled that Ms. Bell's plea would bar her from any recovery under the insurance contract as a matter of law. We believe that would be correct if the plea had been of the type whereby the defendant admits guilt. However her best interest

plea did not contain an admission of guilt, and it does not appear to us that Tenn. Code Ann. § 40-35-313(b)(1) indicates a legislative intent to transform a best interest plea into an admission of guilt for purposes of a civil action.

The insurance company argues that even if Ms. Bell did not admit causing the fire, the addendum to her plea indicates guilty knowledge that would likewise preclude recovery under the contract. We do not believe that the plea or its addendum is sufficiently informative as to Ms. Bell's role in the arson to support the trial court's conclusion. We therefore find that the trial court erred in granting summary judgment to the defendant, or in the alternative, that it erred in refusing to grant the appellant's Motion to Alter or Amend the Judgment.

## IV.

The judgment of the trial court is reversed. Remand this cause to the Circuit Court of Warren County for further proceedings consistent with this opinion. Tax the costs of appeal to the appellee.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE