HORTON *et al. v.* EMPLOYERS' LIABILITY ASSUR. CORPORA-
TION, LIMITED.

(*Knoxville,* September Term, 1942.)

Opinion filed October 10, 1942.

Nathan Orris Hale, of Knoxville, for appellant.

Jennings & O'Neil, of Knoxville, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

Complainant, Margaret Long Horton, while riding as a passenger in the automobile of Edward Matthews, sustained personal injuries as the result of the collision of the Matthews automobile with that of another person. She sued Matthews in the Circuit Court of Knox County, Tennessee, and recovered a judgment, by default, in the sum of $5,000. This judgment not having been paid by Matthews, she filed her bill herein to collect the same from defendant herein, predicating her right of action

on the following provision contained in an automobile liability insurance policy issued by defendant to Matthews:

"1. Coverage A—Bodily Injury Liability. To pay on behalf of the Assured all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Defendant answered and denied liability to complainant, or Matthews, and relied on paragraphs 4 and 14 of the policy of insurance. These paragraphs are as follows:

"4. Assistance and Cooperation of the Assured. The Assured shall cooperate with the Corporation and, upon the Corporation's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits and the Corporation shall reimburse the Assured for any expense, other than loss of earnings, incurred at the Corporation's request. The Assured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

"14. No action shall lie against the Corporation unless, as a condition precedent thereto, the Assured shall have fully complied with all the conditions hereof, nor until the amount of the Assured's obligation to pay shall have been finally determined either by judgment against the Assured after actual trial or by written agreement

of the Assured, the claimant, and the Corporation, nor in either event unless suit is instituted within two years and one day after the date of such judgment or written agreement.

"Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Assured. Nothing contained in this policy shall give any person or organization any right to join the Corporation as a codefendant in any action against the Assured to determine the Assured's liability.

"Bankruptcy or insolvency of the Assured shall not relieve the Corporation of any of its obligations hereunder."

The answer avers specifically wherein Matthews failed and refused to cooperate with defendant in the defense of the damage suit brought by complainant and failed and refused to lend any assistance in such defense. The allegations of the answer in this respect are sustained by the proof in the case. Matthews made no appearance in the trial of the damage suit and took no part therein. On the contrary, he left Knoxville without leaving a forwarding address. When located by defendant in a distant state and was advised of the necessity of appearing at the trial and assisting in the defense of the case, he failed and refused to return to Knoxville, notwithstanding defendant offered to defray all of his expenses.

Shortly after the accident, a representative of defendant took written statements from Matthews and all of the other occupants of the car, including complainant. These statements tended to exonerate Matthews from any liability for the accident, showing that the same was caused wholly by reason of the negligence of the driver

of the other car. On the trial of the case, these occupants of the Matthews' car swore to a different version of the accident, and stated that Matthews was driving too fast and they had protested against the high speed before reaching the point of the accident. Matthews having refused to lend any assistance or cooperate in the defense of the case, defendant elected not to defend.

The fact that Matthews did fail and refuse to lend assistance or to cooperate in the defense of the case is conclusively established by the concurrent findings of the chancellor and the Court of Appeals. No facts appear constituting a waiver on the part of defendant of its contract right to receive the assistance and cooperation of Matthews in the defense of the damage suit, and no conduct on the part of defendant estopping it from claiming such assistance and cooperation.

■■ The provision of the policy requiring the assistance and cooperation of the insured in the defense of any suit brought by a third party to recover under the policy is valid, in the absence of any statute to the contrary. Annotation, 72 A. L. R., 1448; annotation 98 A. L. R., 1465. The provision is a condition precedent, failure to perform which, in the absence of waiver or estoppel, constitutes a defense to liability on the policy. *Bachhuber* v. *Boosalis,* 200 Wis., 574, 229 N. W., 117; *Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y., 271, 160 N. E., 367, 73 A. L. R., 1443. In *Watkins* v. *Watkins,* 210 Wis., 606, 245 N. W., 695, 698, the court said: "Policies containing covenants the same as or similar to those contained in this policy have been so often sustained that the question should be considered at rest," and added that "if insurers may not contract for fair treatment and helpful co-operation by the insured, they are practically

at the mercy of the participants in an automobile collision.''·

▇▇▇▇ Violation by the insured of the cooperative provisions of a liability policy is available as a defense to an action by a third person injured in an accident. By the great weight of authority, although there is some conflict on the point, breach of contractual provisions relating to acts of omission subsequent to the accident is, in the absence of collusion between the insurer and the insured, available to the insurer as against the injured person, if, in the circumstances, it would have been available against the insured. Annotation, 85 A. L. R., 70. In *Royal Indemnity Co.* v. *Watson,* 5 Cir., 61 F. (2d), 614, the court observed that it is held by the overwhelming weight of authority that the rights of a third person can rise no higher than, and are dependent upon, the rights of the insured.

▇▇▇ The complainant here sues upon the policy and may not be heard to repudiate any of the provisions thereof.

*Certiorari* denied.