SOUTHERN FIRE AND CASUALTY COMPANY

*v.*

DOROTHY GEAN.

(*Jackson*, April Term, 1961.)

Opinion filed May 5, 1961.

P. M. HARBERT, R. B. MANGUM, HARBERT & MANGUM, Savannah, WILL TOM ABERNATHY, Selmer, for complainant.

W. W. LACKEY, Savannah, for respondent.

Mr. Justice Tomlinson delivered the opinion of the Court.

This is a certiorari case wherein the Chancellor and the Court of Appeals have reached contrary conclusions.

Originally this Court denied, without the filing of a memo., the Casualty Company's petition for writ of certiorari. Subsequently, its petition to rehear, supported by amicus curiae briefs of many insurance companies, was granted. The order denying the writ was set aside, and the writ was granted. The Court was influenced, in part, in taking this action by reason of the fact that each of these petitioners seemed to be of the impression that the Court of Appeals' opinion had overruled two published opinions of this Court, hereinafter discussed, and thereby had brought about a quite revolutionary and unhealthy change as to the law governing insurance companies in a situation like the one at hand. Oral arguments, as required by the statute, T.C.A. sec. 27-821, upon the granting of a certiorari writ, have been had.

Southern Fire & Casualty Company issued its liability insurance policy in favor of Jimmy Messer of Bolivar on the automobile he was driving at the time of the traffic accident, and in the amount of $5,000, in which his guest and companion, Miss Dorothy Gean, was injured. In her subsequent tort action she obtained a judgment of

$12,000 against Messer. Execution was returned nulla bona.

She then brought this suit against the Insurance Company for $5,000 as a beneficiary under the policy.

One clause of the policy provided that no action would lie against the Company unless as a condition precedent the insured did comply with all the terms of the policy. Another clause provided that the insured shall cooperate with the Company and, at its request, attend the trials and assist in giving evidence, etc. The Company defended this Chancery Court suit on the ground that the insured did not cooperate. The Chancellor so found, and dismissed Miss Gean's bill.

About a month before the tort action was tried, and in which Miss Gean obtained this $12,000 verdict, one of the attorneys of record for Messer, wrote Messer that the case was set for trial at Savannah on March 19. That letter requested Messer to meet this attorney and his associate attorneys at the office of the associates some seventy-five or more miles from Bolivar on a certain day to the end that they might prepare their defense. Messer met these attorneys at the place and time requested. They went over the case, and went out to the scene of the accident. No further conversation or correspondence was had between Messer and these attorneys until the day set for the trial of the damage suit at Savannah.

When the case was called on the morning of March 19 Messer was not present. One of the attorneys appearing of record for Messer made an application for a continuance on the ground that Messer was absent, and these attorneys could not proceed without him, and that he did not know where to locate Messer. It should be added

here that Messer and the young lady were the only witnesses to the accident for which she was seeking to maintain this damage suit. The Court refused to grant the continuance.

Thereupon, the attorneys of record for Messer informed the Court that they were representing the Company which carried Messer's insurance, and that since he was not present and, therefore, not cooperating, they felt compelled to withdraw from the case. It was explained that Messer had been advised as to the date of trial. The Court permitted this action, and these attornews apparently left the court room.

Between 10:15 and 10:30 A.M. one of these attorneys again appeared in Court. He first stated that he was not re-entering the case, but that he thought the Court should know the developments. He then informed the Court that the Insurance Company's agent at Memphis had located Messer at New Albany, Mississippi, and that he had just been telephoned by Messer that he was in New Albany. He said Messer told him that he had become mixed up as to the date of the trial; that he thought the trial was to be had on March 28. This attorney again suggested a continuance. At that time Miss Gean, the plaintiff, had commenced her testimony. One of the attorneys for her inquired as to whether Messer could get there by 1:00 o'clock, and the Court agreed to postpone the trial until that hour. This attorney replied that Messer had told him that he could not come that day. In that situation the trial continued with Messer not being informed by either of the Insurance Company's lawyers that the Court had offered to postpone the hearing until 1:00 P.M. so as to give Messer an opportunity to be present.

After the trial the Insurance Company's lawyers informed Messer of the verdict, and advised him that he had thirty days within which to move for a new trial, but that they were not representing him. Thereupon, Messer did employ an attorney at Bolivar, and unsuccessfully sought a new trial based on his mistake as to the date of the trial. No appeal from the action of the Court in refusing a new trial was had.

In Miss Gean's Chancery case against the Insurance Company Messer testified on direct-examination that he called the Insurance Company's attorney immediately after the agent at Memphis had located him (Messer) and talked to this attorney somewhere between 10:00 and 10:30; that in that conversation he told this attorney that he could not attend the trial because "I couldn't get off"; and that he told him "the reason he could not get here was because all the automobiles were gone from the plant". On cross-examination he testified that he was not informed subsequently by either of the attorneys for the Insurance Company of the Court's offer to discontinue the hearing until 1:00 o'clock. He said that if he had been informed of the offer he would have made an effort to reach Savannah by 1:00 o'clock.

New Albany, Mississippi is 110 miles from Savannah. It is a town of between 5,000 and 6,000 people. It seems reasonable to conclude that the Company could have procured a taxicab to carry Messer from New Albany to Savannah, or that Messer could have procured one had he been informed that the case would be continued until 1:00 P.M. if he would make an effort to get there. At least an opportunity to try to get a cab could have been made. This would have given him about two and one-half hours to drive that 110 miles.

The Insurance Company offered no evidence in this Chancery hearing.

On the face of this record, it must be found that Messer honestly forgot the date of trial, and that up to that time he had fully cooperated with the Insurance Company. And after that he did what he could, and promptly, to correct the situation and to get the verdict set aside.

The Chancellor was of the opinion that Messer's confusion as to the date of the trial was not a reasonable excuse for not being present; hence, that it amounted to a breach of his obligation under the insurance contract to cooperate with the Insurance Company.

In determining the question of whether Messer failed to cooperate, within the meaning of the policy, the excellent opinion of the Court of Appeals, written by Judge Bejach, clearly draws the distinction between, on the one hand, a failure to be present at the commencement of the trial because of an inadvertent, but honest, mistake as to the date of the trial and, on the other hand, an intentional failure to be present.

Then followed this statement of the Court of Appeals that:

"Incidentally, it is our opinion that application of the mutual good faith test in the instant case indicates that the Insurance Company, when it learned, on the morning of March 19, 1958 that its insured said he could not attend trial that day because of lack of conveyance from New Albany, Mississippi, should have undertaken to furnish transportation ad get him to Savannah by 1:00 o'clock P.M., when it learned that the Circuit Judge was willing to postpone the trial until then."

It is said that the trial had already commenced when the offer was made. The evidence is that Miss Gean had begun the giving of her testimony to the jury. Apparently, therefore, the Court had in mind that, if necessary, her examination would begin anew. However that may be, Messer would have been given the opportunity to be present at so much of the trial as occurred after 1:00 P.M., and including the opportunity to testify.

The two hereinbefore referred to decisions of this Court which the Insurance Company considers controlling authority in its favor in this case are *Horton v. Employers' Liability Assur. Corp.,* 179 Tenn. 220, 164 S.W. 2d 1016; and *Hartford Acc. & Indem. Co. v. Partridge,* 183 Tenn. 310, 192 S.W.2d 701.

In the Horton case [179 Tenn. 222, 164 S.W.2d 1017] the insured "failed and refused to return to Knoxville notwithstanding defendant offered to defray all of his expenses" and there appeared "no conduct on the part of defendant estopping it from claiming such assistance and cooperation". In the Partridge case the reason for the failure of the insured to attend the trial was that he, the insured, voluntarily got drunk. Those cases are not, therefore, controlling here, where the failure to be present at the commencement of the hearing was not wilful. It is likewise to be distinguished from those cases by reason of the failure of the Insurance Company to inform the insured of the Court's offer to postpone the hearing of the trial for two and one-half hours.

There is a footnote in 60 A.L.R.2d 1171, reading as follows:

"Such an excuse for nonattendance has usually been only one of the factors weighed in determining the ef-

fect of the nonattendance as a breach, being assayed in the light of such other elements as the materiality of the testimony and the efforts taken by the insurer to obtain his same or similar testimony in other matters.''

The statement of the the annotator at page 1,163 of 60 A.L.R.2d is that:

"The courts have frequently recognized that an insurer is not ordinarily entitled to rely upon the insured's failure to attend the trial or testify unless the insurer has taken reasonable steps to secure that attendance. It has frequently been held that in the absence of any proper notice to the insured of the trial date, his nonattendance at the trial was not a breach of the policy.''

There was a proper notice to the insured here of the trial date. However, the insurer failed to advise the insured that the Court was giving him two and one-half hours within which to get there. Apparently, its attorney failed to understand that his inability to attend was due to an inability to get a car, though Messer says he so told this attorney. On the record in this case that undisputed testimony of Messer must be accepted. Neither attorney for the Insurance Company was called upon to testify. It may be under the circumstances this was a natural mistake, nevertheless, the Insurance Company should have given that notice.

Under all the circumstances, this Court is of the opinion that the failure of the the Insurance Company to inform defendant of the offer to postpone the hearing for two and one-half hours deprives it of whatever right it had to rely upon the insured's failure to attend the trial, when it abundantly appears that, with the exception of an

honest mixup of dates as to time of trial, the insured cooperated to the fullest extent with the insurer at every stage of this proceedings. The evidence does not justify the conclusion that he would not have so continued such cooperation had he been given notice of this offer to discontinue the hearing for two and one-half hours, so as to give him an opportunity to be present.

Decree of the Chancellor is reversed and that of the Court of Appeals affirmed.