# MRS. JOYCE GOODNER, MRS. JERRY BROADWATER and BILLY R. GOODNER v. OCCIDENTAL FIRE AND CASUALTY COMPANY, —440 S.W.2d 614

Eastern Section. October 9, 1968.

Certiorari Denied February 3, 1969.

318

Roberts, Weill & Ellis, Chattanooga, for Occidental Fire & Casualty Co., appellant.

Paul W. Sorrick, Jr., Chattanooga, for Mrs. Joyce Goodner, Mrs. Jerry Broadwater and Billy R. Goodner, appellees.

COOPER, J. This is a suit on an insurance policy by judgment creditors of the named insured.

Complainants, Mrs. Joyce Goodner, Mrs. Jerry Broadwater, and Billy R. Goodner, recovered judgments

against Oscar Morris in the Circuit Court of Hamilton County for injuries and damages sustained by them when the automobile in which they were riding was struck in the rear by the automobile driven by Morris. Morris did not pay the judgments and complainants filed this suit in the chancery court seeking to compel the defendant, Occidental Fire and Casualty Company, as insurer of the defendant, Oscar Morris, to pay the judgments. Occidental, in its answer, contended it was not liable under the policy, as its insured had failed to cooperate in the defense of the circuit court suits. On trial, the Chancellor entered judgments in favor of the complainants, and defendant, Occidental, appealed.

In the instant case, as noted by the Chancellor, "Occidental had difficulty in getting Morris to be fully cooperative." After Mr. Morris failed to appear for the trial of the property damage case brought by Billy Goodner in the Court of General Sessions of Hamilton County and failed to appear on September 28th, 1966, at counsel's office for the taking of his discovery deposition as requested, counsel for Occidental informed Mr. Morris of his rights and duties under the policy, and obtained a notice and acknowledgement of non-waiver of rights from Mr. Morris. The non-waiver of rights provided, in part, that:

"* * * any action taken by the said insurance company in investigating, adjusting or attempting to adjust, or defending any claim, or handling or defending any litigation growing out of an accident involving Joyce Goodner, Mrs. Jerry Broadwater, Billy R. Goodner and Frank Mumpower, which occurred on or about March 26, 1965, at McCallie Avenue, Chattanooga, Tennessee, shall not be construed as a waiver of the right of the said in-

surance company to deny liability at any time under any policy or policies of insurance issued to Oscar W. Morris, nor shall any such action be construed to be a waiver of any breach of the provisions, terms or conditions thereof * *''

The tort actions brought by Mrs. Joyce Goodner and Mrs. Jerry Broadwater, as well as the suit of Billy Goodner for property damage which had been appealed to the circuit court, were set for trial on December 7, 1966. Mr. Morris was notified of the trial date by certified mail, but did not appear for the trial. Counsel for Occidental was successful in having the case passed for re-assignment.

The tort actions next were set for trial on January 17, 1967, in the Third Division of the Circuit Court of Hamilton County. Counsel notified Mr. Morris of the new trial date by certified mail and asked Mr. Morris to acknowledge receipt of the notice. Hearing nothing from Mr. Morris, counsel wrote him by certified mail on January 3, 1967, and again on January 12, 1967. Both letters were returned marked ''unclaimed'', though they were correctly addressed.

Counsel then contacted Mr. Morris personally on January 14, 1967, and emphasized the necessity of Mr. Morris' attendance in circuit court on January 17, 1967. Mr. Morris' attention was called to the non-waiver agreement he had executed on September 29, 1966, and he was informed that Occidental would disclaim liability for any judgments that might be entered against him if he were not present at the trial of the cases.

Mr. Morris attended court on the morning of January 17, 1967. As it turned out, two cases in which counsel

for Occidental was attorney of record had been set for trial on the same day in two separate divisions of the circuit court. Counsel elected to try first the case of Witt v. Cooper, which was the case first filed and which had been previously passed due to the illness of the insured, who was approximately ninety years of age. The trial judge notified all witnesses and parties present, including Mr. Morris, that the cases were not being passed, but were being "held in line" and would begin immediately on conclusion of the Witt case. Counsel for Occidental arranged for Mr. Morris to be "on call". On the evening of January 18, 1967, counsel talked with Mr. Morris by telephone and informed him that trial of the cases would begin at 9:00 A.M. the next morning, January 19, 1967. Mr. Morris stated he would be present for the trial, but did not appear.

Counsel for Occidental, before trial began, made efforts to reach Mr. Morris by 'phone at his home and his place of employment, but without success. Counsel then sent a telegram to the Morris residence notifying him that the cases were being tried and that his "attendance at the trial of [these cases was] mandatory within the terms and provisions of the insurance policy" and advising Mr. Morris that the cases were being defended "only upon the basis of the reservation of right which [was] heretofore taken from you."

The trial of the suits continued through January 20, 1967. Oscar Morris never appeared to assist in the defense of the cases, nor did he contact counsel to explain his absence.

Jury verdicts were returned in favor of the three plaintiffs against Mr. Morris. Counsel for Occidental

notified Mr. Morris of the judgments and that Occidental was disclaiming liability for payment for lack of his cooperation in defending the suits.

Mr. Morris employed new counsel to file his unsuccessful motions for a new trial.

The policy issued by Occidental included a standard provision which provided, as a condition precedent to liability under the policy, that:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The policy also provides that:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

As was pointed out in Hartford Accident Indemnity Co. v. Partridge, 183 Tenn. 310, 192 S.W.2d 701, "there can be no question that the condition of the contract of insurance above recited is valid and binding upon both the insured and the complainant below (the judgment creditor), whose rights are derivative, rising no higher than those of the named insured under the policy contract, * * *" See also Horton v. Employers' Liability Assurance Corporation, Limited, 179 Tenn. 220, 224, 225, 164 S.W.2d 1016, 1017, where the court emphasized that the provision of a policy of insurance requiring the assistance and cooperation of the insured in the defense of any suit brought by a third party to recover under the policy "is a condition precedent, fail-

ure to perform which, in the absence of waiver or estoppel, constitutes a defense to liability on the policy.''

■ Though recognizing the validity of the contractual requirement that Mr. Morris be present and assist counsel in the trial of the tort cases, the Chancellor was of the opinion that Occidental released Mr. Morris from his contractual duty to attend the trial on January 19, 1967, by requiring Morris' attendance on January 17, 1967, on penalty of disclaimer and then electing to try the Witt case first. We see no basis for this holding. There is nothing in the record to indicate that counsel for Occidental was instrumental in having two cases set for trial on the same day, or that the election to try the Witt case first prejudiced Mr. Morris or even unduly inconvenienced him. In fact, Mr. Morris not only did not protest the delay to counsel but indicated, without reservation, that he understood the court's instructions and would return for the subsequent trial when notified. We would be most reluctant to hold, under these circumstances, that a forty-eight hour delay in the trial of a case by action of counsel for the insurer, where the reason for the delay met the approval of the trial court, could constitute a waiver by the insurer of its right to have its insured present at the subsequent trial.

■ Complainants contend in their brief that Occidental waived the non-cooperation of their insured by defending the suits in his absence. In doing so, the complainants overlook the fact that the insurer participated in the trial under a reservation of rights accruing to it by virtue of the insured's non-cooperation. This fact was known to the insured who executed the non-waiver agreement, and, in addition, it was called to his attention on the day of trial in a telegram from counsel.

In spite of this, the insured wilfully absented himself from the trial of the case and in our opinion, by doing so, relieved the insurer of its contractual obligation to pay judgments entered against the insured in the suits brought by complainants.

"A majority of the courts considering the question have held that an automobile liability insurer which notifies an insured, after the insured's breach of the cooperation clause in the policy but before the trial of the tort action, that the insurer remains in the case only under a reservation of all rights accruing to it by virtue of the insured's nonco-operation [sic], does not, by conducting the insured's defense, waive or become estopped to assert the insured's breach of the cooperation clause, in a subsequent action of the policy." Anno. 77 A.L.R.2d 1179, 1212.

This general statement is in accord with the decision of our Supreme Court in the cases of Hardware Mutual Casualty Company v. Higgason, 175 Tenn. 357, 134 S.W.2d 169, and Southern Fire and Casualty Company v. Cooper, 200 Tenn. 283, 292 S.W.2d 177, and with the holding of this court in Bituminous Casualty Corp. v. Miller, decided on September 12, 1962, and reported in 26 CCH Automobile Cases 2d 1494.

Complainants also suggest that Occidental was not prejudiced by Mr. Morris' absence from the trial, as counsel had available and used Mr. Morris' discovery deposition, and argues that Occidental should not be relieved of its obligations under the policy.

■ We find it difficult to accept the proposition that Occidental was not prejudiced by Mr. Morris' absence from the trial. Who can assess the effect upon the jury

of a defendant so indifferent to the outcome of the suits and to the amounts to be adjudged against him that he doesn't deign to appear? However, prejudice, or lack thereof, is not a controlling factor. See Pennsylvania, etc., Insurance Co. v. Horner, 198 Tenn. 445, 281 S.W.2d 44; and Bituminous Casualty Corp. v. Miller, supra. The contract of insurance required Mr. Morris to "attend hearings and trials" as a condition precedent to Occidental's liability. Mr. Morris wilfully absented himself from the trial of the tort actions brought by complainants and, in doing so, relieved Occidental of liability for payment of the judgments secured by complainants.

The decree of the Chancellor is reversed. Judgment will be entered in this court in favor of the defendant Occidental.

The decree of the Chancellor holding Occidental liable to pay judgments awarded complainants against Oscar Morris is reversed. Costs are assessed against the complainants, Mrs. Joyce Goodner, Mrs. Jerry Broadwater, and Billy R. Goodner.

McAmis, P. J., and Parrott, J., concur.