UNITED SERVICES AUTOMOBILE ASSOCIATION,
Complainant below and Appellee, here,

*v.*

THE HARTFORD ACCIDENT & INDEMNITY COMPANY,
Defendant below and Appellant here,

Dr. Bart N. White, Bart White, Jr., and Mary Florence
White, Defendants and Cross-Complainants below and
Appelles here.

433 S.W.2d 850

(*Nashville,* December Term 1967.)

Opinion filed November 8, 1968.

STEPHENSON, LACKEY, HOLMAN & ARCHER, Nashville,
for appellant.

MANIER, CROUCH, WHITE & HEROD, Nashville, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

On the remand of this case (opinion filed April 21, 1967, 220 Tenn. 120, 414 S.W.2d 836), the lower court construed our opinion as striking all "other insurance" provisions except the general insuring agreements, and prorated the liability between United Services and Hartford on the basis of the total amount of United's coverage of Colonel Helms and the total amount of Hartford's liability to all classes of assureds, ignoring an endorsement or rider applicable to the class of assureds of which

Helms was a member, fixing liability coverage at the "applicable minimum limit of the liability for bodily injury or property damage specified in the financial responsibility law of the state which is applicable with respect to the accident * * *''. And, as Hartford's policy with U-Haul Company, in its general insuring provisions, provided liability coverage of $500,000.00 for one person injured and $1,000,000.00 for each accident, while United Services' policy provided Helms with coverage of $50,-000.00 and $100,000.00, the Court prorated $50,000.00 to $500,000.00, or ten to one, with United Services paying one-eleventh and Hartford paying ten-elevenths of the stipulated, total liability. Hartford has appealed and assigned this action as error. We agree, and reverse on authority of our opinion in this case.

The "other insurance" provisions invalidated in our opinion were those which undertook to reduce the particular insurer's coverage of the insured because of the existence of other liability coverage of the insured. There is nothing in the opinion to indicate we intended to invalidate an endorsement fixing the amount of coverage available, except to this extent. In fact, the amount of coverage by the insurer, which was sought to be reduced by the invalid "other insurance" provision was not discussed, but was assumed to be the amount fixed by the policies and valid endorsements; this assumption being based on the universal rule recognizing the validity of endorsements or riders fixing, in the first instance, the coverage afforded. *Brown v. Tenn. Auto Insurance Co.,* 192 Tenn. 60, 237 S.W.2d 553; Blashfield's Automobile Law and Practice, 3rd ed., Vol. 7, Sec. 292.10, p. 229, and Couch on Insurance, 2d, Vol. 1, Sec. 4:24 to 4:31, beginning on p. 180.

Applying the principle of our opinion, the part of the Hartford endorsement* fixing its coverage in the first instance is valid, while the part of this endorsement which undertakes to reduce this coverage because of the existence of United's coverage is invalid—all for the reasons stated in our opinion.

The assignment of error is sustained, and the total liability is prorated one-sixth Hartford and five-sixths to United Services. The total liability being stipulated, judgment will be entered here accordingly.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.

---

* "5. Condition 1. Limits of Liability—Coverage A, and 'Condition 2. Limits of Liability—Coverage C' are made subject to the following provision:

"Provided that with respect to a person described as insured under subparagraph (3) of Insuring Agreement III—Definition of Insured— and any person or organization legally responsible for the use of the automobile by such person, other than the named insured and any person or organization described in subparagraph (2) of Insuring Agreement III—Definition of Insured.

(i) the applicable limit of the company is liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state which is applicable with respect to the accident exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and

(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (i) foregoing only for the excess."