James A. **FRANKLIN** and Betty R. Franklin, Appellants,

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee.**

Court of Appeals of Tennessee, Eastern Section.

March 26, 1975.

Certiorari Denied by Supreme Court Sept. 2, 1975.

David T. Black, Maryville, for appellants.

William P. O'Neal, Knoxville, M. H. Gamble, Jr., Maryville, for appellee.

WILLIAM I. DAVIS, Jr., Special Justice.

The parties will be referred to as they appeared in the trial Court, the appellants as plaintiffs and appellee as defendant.

On May 15, 1970, defendant issued a policy of insurance, No. 666NC4090, to Delmar Haynes Pontiac, Inc. including garage liability coverage. Expiration date was May 15, 1973. May 30, 1972, one McCulloch, a

garage customer of Delmar Haynes Pontiac, Inc., was loaned a Delmar Haynes automobile while his own was being repaired. His operation of it was within the scope of permission granted by Delmar Haynes and on his own business. While thus operating the Delmar Haynes automobile, McCulloch, on May 31, 1972, was involved in an accident resulting in death of plaintiffs' son. January 31, 1973, plaintiffs obtained a judgment against McCulloch in the amount of Fifty Thousand ($50,000.00) Dollars as damages for their son's death. Thereafter defendant paid Ten Thousand ($10,000.00) Dollars on the judgment. At the time of the accident McCulloch had no valid or collectible insurance on his own automobile.

The policy of insurance in question provided under the definition of "Persons Insured" that;

"(a) Any person while using, with the permission of the named insured, any automobile to which this insuring agreement applies under the Automobile Hazard, provided his actual operation or (if he is not operating) his other actual use thereof is with the scope of such permission . . . "

Another pertinent provision of the policy, known in the record as Rider No. 3 of Page 23, endorsement A5207, states "3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insuring agreement shall apply, but the amount of damages payable under the insuring agreement shall not exceed the applicable financial responsibility limit."

Under the General Conditions of the policy is also found the provision; "29. Special Statutes—Any and all terms of this policy which are in conflict with the statutes of any State in which coverage is granted are understood, declared and acknowledged by the company to be amended to conform with such statutes."

Section 56–603 T.C.A. After providing that rules, rates, etc. be filed with the Commissioner by the insurer states in sub.-sec. (h) "No insuror shall make or issue a contract or policy except in accordance with the filings which have been approved for said insuror as provided in this chapter."

Plaintiffs filed an action against defendant asserting it was liable to them for the balance of the judgment they had against McCulloch because the policy in question insured McCulloch for a minimum of One Hundred Thousand ($100,000.00) Dollars, that the "Rider", endorsement, A5207, cannot be considered as a part of the policy because defendant had not complied with Section 56–603 Sub-Section H, T.C.A. which provided (H) "No insurer shall make or issue a contract or policy except in accordance with the filings which have been approved for said insurer as provided in this chapter;" that A5207 is unclear and ambiguous; that A5207 should not be considered in determining defendants liability because its provisions are discriminatory, in violation of public policy and conflict with requirements of Section 56–603 T.C.A. and the terms of the policy; and that defendants are estopped to deny that the policy issued is contrary to the filing made with the Commissioner of Insurance and Banking.

Defendants answered in detail effectively putting at issue the material allegations of plaintiffs as above stated and denying it was liable to plaintiffs for any reason.

The Trial Court ruled that the plaintiffs' action is one on a contract of insurance, sounding in contract, and is not one for excess insurance and could properly be brought by plaintiffs as third-party beneficiaries against defendant; that endorsement A5207 had been effectively withdrawn and was not on file with the Commissioner of Insurance and Banking from and after April 1, 1970, nor on file on May 15, 1970, nor at the time of the accident in question within the meaning of Section 56–603 T.C.A.; that the endorsement A5207 was, however, binding on plaintiffs, was not

repugnant to the spirit and intent of the financial responsibility act, meeting the minimum requirements of that act; that plaintiffs were limited in their right of recovery to the minimum coverage, required by our Financial Responsibility Act and found the issues joined in favor of defendant. Plaintiffs prayed for and were granted an appeal which was duly perfected and the case is here for review.

The Chancellor's ruling that plaintiffs have the status of third-party beneficiaries suing on contract, and may maintain this action, is not appealed from and not here questioned. The Chancellor's finding that the endorsement A5207 had been effectively withdrawn and was not on file with the Commissioner of Insurance and Banking from and after April 1, 1970, nor on file or standing approved by the Commissioner May 15, 1970, nor on file with the Commissioner at the time of the accident in question, all within the meaning of Section 56–603 T.C.A. is likewise not appealed from. Independent of this finding and any binding effect it may have on this Court we find that there is ample evidence to sustain the Chancellor's ruling on these issues and agree with him thereon.

### ASSIGNMENT OF ERRORS

1. The Honorable Chancellor erred in not finding the endorsement void as a matter of law because the endorsement was not on file with nor approved by the Commissioner of Insurance and Banking at the time of the issuance of the policy and at the time of the accident in question within the meaning and intent of Tennessee Code Annotated, Section 56–603.

2. The Honorable Chancellor erred in not finding the endorsement invalid as a matter of fact because said endorsement was issued in violation of Tennessee Code Annotated, Section 56–603, a special statute of the State of Tennessee and because the policy itself by contract excludes consideration of the endorsement wherein a special statute has been violated.

3. If not pretermitted by the foregoing assignments of error, the Honorable Chancellor erred in not finding as a matter of law that the terms of the endorsement should be excluded from consideration of the policy as a whole because the terms thereof are discriminatory and are in violation of Tennessee Code Annotated, Section 56–1226.

4. The Honorable Trial Court erred in not determining as a matter of fact that the Defendants were estopped to rely upon the endorsement in question (A5207) and waived the provisions contained in the endorsement.

5. The Honorable Chancellor erred in not finding that the terms of the endorsement are ambiguous and therefore unenforceable.

Assignments one and two may be properly considered together.

Under the provisions of the policy McCulloch was insured for One Hundred Thousand ($100,000.00) Dollars unless endorsement A5207 effectively reduced the coverage to the amount provided by the applicable financial responsibility limit of Ten Thousand ($10,000.00) Dollars.

That such a provision limiting amount of coverage designated as No. 3 in the endorsement A5207 is a proper and legitimate one between the parties to the contract was settled in *United Services Automobile Association v. The Hartford Accident and Indemnity Company,* 222 Tenn. 168, 433 S.W.2d 850.

Following a provision that no action shall lie against the Company unless there shall have been a full compliance with its terms the policy provides;

"Any person or organization or legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under the policy to the extent of the insurance afforded by this policy."

■ The plaintiffs are restricted to the terms of the policy and the "insurance afforded by this policy." Their rights could be no greater than those of the insured, Delmar Haynes Pontiac, Inc., a contracting party to the policy of insurance. *Dillingham v. Tri-State Insurance Company,* 214 Tenn. 592, 381 S.W.2d 914; *Horton v. Employers Liability Insurance Corporation,* 179 Tenn. 220, 164 S.W.2d 1016; *Petty v. Sloan,* 197 Tenn. 630, 277 S.W.2d 355; *Goodner v. Accidental Fire and Casualty Company,* 59 Tenn.App. 317, 440 S.W.2d 614.

■ The paramount question then arising is whether endorsement A5207 was vitiated or made inapplicable because not a part of proper filings with the Commissioner of Insurance and Banking nor approved by him.

Sub-section (h) Section 56–603 T.C.A. heretofore quoted and relied upon by plaintiffs is a part of Chapter 6, Insurance, said chapter being entitled "Rates and Rating Organizations—Casualty and Fidelity Insurance".

The United States Circuit Court of Appeals, Sixth Circuit, in *McCullough Transfer Co. v. Virginia Surety Co.,* 213 F.2d 442, had before it a similar statute of Ohio and considered substantially the same question here made by plaintiffs. Speaking through Judge Miller that Court said;

"But we do not agree with appellant's contention that it necessarily follows that a failure to comply with the provisions of a regulatory statute relating to insurance renders null and void a policy of insurance freely entered into by the parties. In order to determine whether a contract made contrary to a penal statute is illegal and void, the statute must be considered as a whole to ascertain whether it was the intention of the Legislature that the statute have such effect. . . . There is no express provision in the foregoing sections of the Ohio General Code which states that a failure to comply with any of the provisions contained therein renders an insurance contract void. If such was the intent of the Legislature it could easily have said so in express words. . . . It was the purpose of the Legislature to regulate the insurance business . . . rather than by declaring illegal and void such contracts of insurance as might be issued while the insurer was not in compliance with the provisions of the statute. . . . Nor do we consider the contract as void against the public policy. A contract is not void as against public policy unless it is injurious to the public or contravenes some established interest of society. . . . The insurance contract involved in this case, under which appellant has had the benefit of full performance by the appellee, is clearly not of that nature."

There does not appear to be any intent expressed in our statute in question to declare insurance policies void because of failure to have on file endorsement A5207 or similar matters involving rates, etc. nor do we think such an intent can properly be implied. We do not believe Sub-section (h) of Section 56–603 T.C.A. under the circumstances and facts of this case adversely affects the validity of item 3 of endorsement A5207. The endorsement A5207, we think, is enforceable and was binding on the parties to the contract of which it was a part. Consequently, under the authorities heretofore cited the plaintiffs were and are likewise bound by that provision limiting coverage. We think the Chancellor was correct in holding that the ruling and rationale of *McCullough Transfer Co. v. Virginia Surety Company.,* supra, dictates a similar ruling here. See also 44 C.J.S. Insurance § 254, p. 1029.

■ The provision of the policy designated "29. Special Statute", heretofore quoted, does not invalidate or destroy the effectiveness of endorsement A5207, which is binding on the parties to the contract of insurance, a contract freely entered into for a legal consideration. The authorities cited

and reasons given in holding endorsement A5207 binding on the plaintiffs in connection with Sub-sec. (h) Section 56–603 T.C.A. are equally valid as to the provision "29. Special Statute." To hold otherwise would have the effect of deleting or expunging A5207 thereby reforming a contract to which the plaintiffs were not a contracting party and about the provisions of which no mistake between the parties existed. Assignments of error one and two are overruled.

■ In their third assignment of error plaintiffs assert endorsement A5207 should be excluded from the policy because the endorsement violates Section 56–1226 T.C.A. The Code Section is as follows;

"*Preferences or distinctions in certain insurance transactions prohibited—Exceptions*

(a) No insurer or any person on behalf of any insurer shall make, offer to make, or permit any preference or distinction in property, marine, casualty, or surety insurance as to form or policy, certificate, premium, rate, benefits, or conditions of insurance, based upon membership, non-membership, employment, or of any person or persons by or in any particular group, association, corporation, or organization, and shall not make the foregoing preference or distinction available in any event based upon any fictitious grouping of persons as defined in this code, such fictitious grouping being hereby defined and declared to be any grouping by way of membership, nonmembership, license, franchise, employment, contract, agreement or any other method or means."

The provision just quoted appears as part of Chapter 12, it being entitled Unfair Competition and Unlawful Practices under Title 56, Insurance. A reading of the entire chapter leads one to the conclusion that it was primarily the legislative intent to regulate each insurance company in respect to its conduct as that conduct would affect a

similar company; not to tamper with the contractual relationship of insurer and insured. It is said that one should look to the language of the statute, its subject matter, object and reach of the statute, wrong or evil sought to be remedied or prevented, purpose sought to be effected in determining the effect of a statute. *Mascari · v. Raines*, 220 Tenn. 234, 415 S.W.2d 874. We believe when all relevant matters are considered the code section in question should not be given the effect of invalidating endorsement A5207, nor should it be ruled discriminatory or destructive of the questioned parts of the policy of insurance. Had the Legislature intended to invalidate contracts of insurance as between the parties thereto under such circumstances it could have so enacted. Assignment of error No. three is overruled. .

■ In connection with the fourth assignment of error it appears that the contracting parties did not mistakenly enter into their contract. The contract reflected what they agreed upon. The plaintiffs are not shown to have relied upon the questioned provisions as being void nor upon any act of the defendant prior to the accrual of their cause of action. What plaintiffs actually seek to do is to reform the policy of insurance by deleting endorsement A5207 from the policy. This they cannot do for the reason there was no mistake and no antecedent agreement with respect to which a mistake was made. Estoppel is available to protect a right but not to create one. *E. K. Hardison Seed Company v. Continental Casualty Company*, 56 Tenn. App. 644, 410 S.W.2d 729. There appearing to be no estoppel, or waiver of terms of the contract, assignment of error four is overruled.

■ Assignment of error five assails endorsement A5207 as being ambiguous. Given their plain, ordinary meaning and signification the words and terms of the endorsement are clear and easily understood, not subject to different interpretations.

The provision "damages payable under the insuring agreement shall not exceed the applicable financial responsibility limit" should not be said to be ambiguous because reference is made to the financial responsibility limit without stating in dollars what that limit was at the time. *Stone v. Liberty Mutual Insurance Company*, 55 Tenn. App. 189, 397 S.W.2d 411; *In Re Estate of Clement*, 220 Tenn. 114, 414 S.W.2d 644.

Assignment of error five is overruled.

All assignments of error are overruled and the judgment of the trial Court affirmed.

PARROTT, P. J. (E. S.), and SANDERS, J., concur.