**ALLSTATE INDEMNITY COMPANY and Shelly Harris, Plaintiffs,**

v.

**Derrick FIFER, Brian Fifer, Timothy Fifer and Rodney S. Norman, Defendants.**

No. 96–3290V.

United States District Court,
W.D. Tennessee,
Western Division.

Aug. 28, 1998.

---

**914**

R. Layne Holley, David M. Waldrop, Memphis, Tennessee, for plaintiffs.

Derrick Fifer, Brian Fifer, Memphis, Tennessee, pro se defendants.

Steven G. Roberts, Memphis, Tennessee, for defendant Timothy Fifer.

Jack V. Delany, Memphis, Tennessee, for defendant Rodney S. Norman.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

VESCOVO, United States Magistrate Judge.

Presently before the court in this declaratory judgment action is a motion for summary judgment filed by the plaintiffs, Allstate Indemnity Company and Shelly Harris ("Allstate"). Allstate argues that the defendant Derrick Fifer failed to cooperate in the investigation of an accident which occurred while he was driving an automobile owned by Allstate's insured Shelly Harris, failed to submit to an examination under oath, and deliberately provided false and misleading information to Allstate concerning the accident. For the reasons that follow, the court finds the duty to cooperate a condition precedent under Tennessee law and failure to perform this duty constitutes a defense to liability. Therefore, Allstate's motion is GRANTED.

## BACKGROUND

This coverage dispute arises from an automobile accident on October 21, 1995, which occurred while the defendant Derrick Fifer was driving an automobile owned by the insured Shelly Harris. As a result of the accident, the defendants Timothy Fifer and Rodney Norman, both passengers at the time, were injured. Ms. Harris was insured under a policy issued by Allstate; and Allstate anticipates that Derrick Fifer may also claim coverage under the policy.

The undisputed facts are as follows: on October 23, 1995, two days after the accident, Derrick Fifer was interviewed by an Allstate adjuster investigating the accident. A transcript of the interview indicates Derrick Fifer told the adjuster that he was in the back-seat at the time of the accident and that a third party known only as "Mike" was driving. He also told the adjuster that the wreck was caused by an unidentified second car striking the Harris car.

Some fifteen months later during a scheduling conference before the district court, Derrick Fifer admitted that he was in fact driving at the time of the accident. Sometime after the scheduling conference, Derrick Fifer was deposed regarding this inconsistency. He admitted lying to the Allstate adjuster about who was driving the car and about the involvement of a second car because he was afraid to tell the truth, although he had no particular reason to be afraid.[1]

It is further undisputed that Derrick Fifer did not submit to an examination under oath by Allstate. Derrick Fifer admitted during his deposition that he received two letters from Allstate requesting

---

1. Evidently, Derrick Fifer lost control of the car after skidding on loose gravel.

such an examination. One of these letters was hand-delivered to him. A copy of this letter is attached as an exhibit to Allstate's motion for summary judgment. The letter indicates that five previous letters had been sent to Derrick Fifer in an attempt to schedule his examination.

Allstate has now moved for summary judgment arguing that Derrick Fifer's conduct has violated express terms in the policy and bars any coverage as a matter of law. The policy provides:

 A. We must be notified promptly of how, when and where the accident or loss happened ...

 B. A person seeking any coverage must:

 (1) Cooperate with us in the investigation, settlement, or defense of any claim or suit ...

 (3) Submit, as often as we reasonably require: ...

 (b) to examination under oath and subscribe the same.

### DISCUSSION

Allstate alleges that Derrick Fifer breached the above clause of the insurance policy by supplying the adjuster with false information regarding the automobile accident and by failing to submit to an examination under oath. Derrick Fifer contends that Allstate has failed to show prejudice as a result of this breach and that the mere giving of false information is insufficient to deny coverage. Allstate responded arguing that Tennessee does not require a showing of prejudice to the insurer.

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993); *Osborn v. Ashland County*

*Bd. of Alcohol, Drug Addiction and Mental Health Servs.,* 979 F.2d 1131, 1133 (6th Cir.1992) (per curiam). The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact at issue in the case. *LaPointe,* 8 F.3d at 378. In this case, there is no dispute as to the relevant facts.

Because this court's jurisdiction is based on diversity of citizenship, the substantive law of Tennessee controls, including its choice of law rules. Research of this area has revealed somewhat inconsistent case law. Earlier Tennessee Supreme Court decisions require strict adherence by the insured to the duty to cooperate and view the requirement as a condition precedent to the insurer's duty to provide coverage. In *Horton v. Employers' Liability Assurance Corp.* 179 Tenn. 220, 164 S.W.2d 1016 (1942), the insurer sought to avoid liability under the policy when the insured failed to attend the trial of an action brought by a third party. The Tennessee Supreme Court found for the insurer stating:

> The provision of the policy requiring the assistance and cooperation of the insured ... is valid, in the absence of any statute to the contrary. The provision is a condition precedent, failure to preform which, in the absence of waiver or estoppel, constitutes a defense to liability on the policy.

*Id.* at 1017 (citations omitted). In *Pennsylvania Insurance Co. v. Horner,* 198 Tenn. 445, 281 S.W.2d 44 (1955), the Tennessee Supreme Court cited the above language from *Horton* in denying coverage for an insured who failed to give notice of the collision and admitted unconditional liability for damages resulting from the accident. *Id.* at 45.

The Tennessee Appeals Court for the Eastern Section followed *Horton* in *Goodner v. Occidental Fire and Casualty Company,* 59 Tenn.App. 317, 440 S.W.2d 614 (1968). In that case, the court of appeals quoted from the *Horton* case to support a

denial of coverage for an insured who failed to attend trial. *Id.* at 616. The third parties who were seeking to recover under the policy argued that the insurer should not be relieved of its obligations under the policy because the insured's absence did not prejudice the insurer since the insured's deposition was available for use at trial. *Id.* at 617. The court declined to accept this argument stating, "prejudice, or the lack thereof, is not a controlling factor." Citing the *Horner* case, the appellate court referred to the insured's duty to attend trial as a "condition precedent to [the insured's] liability." *Id.*

Two unreported intermediate state appellate court decisions from the Middle Section, however, have taken a different view. In *Thaxton v. Allstate Insurance Company,* 1988 WL 23922 (March 18, 1988, M.S.Tenn.Ct.App.), the insurer sought to avoid liability under a homeowner's policy based on a lack of cooperation when the policyholder refused to provide copies of his tax returns during the investigation of a suspicious fire that destroyed his house. The court recognized the development of three different doctrines in this area: (1) allowing the insurer to use the breach of the cooperation clause as a defense only when it can show it was substantially prejudiced by the breach; (2) the "California rule" which presumes prejudice when the cooperation clause is breached; (3) rejection of the whole notion of substantial prejudice and adoption of rule that a breach of the cooperation clause under any circumstances is prejudicial. The court further noted:

> Some courts in states which, like Tennessee, consider cooperation by the insured a condition precedent to any action against the insurer when a cooper-

ation clause is included in the policy, *Horton v. Employers Liab. Assur. Corp.* ... have adopted this [third] view, holding that the terms of the policy must be fully complied with unless the insured can show justification for the failure to cooperate.

> We believe that this position is unrealistic on two counts: 1) Courts following it are almost always forced into making exceptions for "trivial" or "innocent" breaches, ... which is hardly different from recognizing the "substantial prejudice" standard; and, 2) ... "liability contracts are, at least in part, third party beneficiary contracts and ... it is in the public interest to see that [injured persons] who are themselves free from fault should recover—with policy defenses being looked upon with disfavor except where a miscarriage of justice would result."

> We think that, as a practical matter, placing the burden on the insurer to show substantial prejudice is the best rule to adopt.

*Id.* at *2 (citations omitted).

This holding was recently applied by the same appellate court to prevent an insurer from denying coverage due to an insured's failure to attend trial. *Allstate Insurance Company v. Auto Owners Insurance Company,* No. 03A01–9706–CH–00225, 1998 WL 102075 *4–5, (Tenn.Ct.App. Feb. 27, 1998) (quoting Thaxton) (unreported decision).

█ Although there is apparent conflict in the case law, the resolution of this issue must be guided by principles that govern this court's role in determining state law in diversity cases. Under the *Erie* doctrine, federal courts must follow the law as declared by the highest state court.[2] *See*

---

**2.** The defendants have cited to two Sixth Circuit opinions, *Tennessee Farmers Mutual Insurance Co. v. Wood,* 277 F.2d 21 (6th Cir. 1960) and *Harris v. State Farm Mutual Automobile Insurance Co.,* 232 F.2d 532 (6th Cir. 1956) for the proposition that the insurer has the burden of proving substantial prejudice as a result of the insured's failure to cooperate. The court does not find these decisions controlling authority in determining state substantive law. Neither of these opinions mention or cite to the relevant Tennessee Supreme Court cases. To the extent that the Sixth Circuit may have misapprehended Ten-

*Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Reid v. Volkswagen of America*, 575 F.2d 1175 (6th Cir.1978). Where a state's highest court has spoken to an issue, this court is bound by that decision unless convinced the high court would overrule it if confronted with facts similar to those present here. *Kirk v. Hanes Corp.* 16 F.3d 705, 707 (6th Cir.1994). Otherwise, the decisions of the state's highest court must control over any conflicting opinions of the intermediate state appellate courts. *Cumberland & Ohio Co. of Texas v. First American National Bank*, 936 F.2d 846, 848 (6th Cir.1991); *Hill by Hill v. Mitchell*, 653 F.Supp. 1194, 1199 n. 5 (E.D.Mich. 1986) (stating: "This court notes it is bound by Michigan law. However, it is not bound by appellate state decisions which appear to run counter to decisions by the Michigan Supreme Court and which are contradicted by other appellate court decisions.")

 There is no reason for this court to conclude that the Tennessee Supreme Court would overrule *Horton* and its progeny if confronted with the facts in the present case. Derrick Fifer does not dispute that he deliberately lied to Allstate concerning key details of the accident, nor does he offer any excuses for his failure to submit to an examination under oath regarding the accident. He has offered no evidence from which a reasonable factfinder could conclude that his breach was innocent or immaterial.

 In addition, Tennessee courts have long held there is no need to show prejudice in order to avoid liability when the insured fails to provide prompt notice to the insurer. *See Hartford Accident and Indemnity Co. v. Creasy*, 530 S.W.2d 778, 781 (Tenn.1975); *North River Insurance Company v. Johnson*, 757 S.W.2d 334, 335 (Tenn.Ct.App.1988); *Kelley v. Vance*, 959 S.W.2d 169, 170 (Tenn.Ct.App.1997). In

*North River*, the appellate court noted that the Tennessee Supreme Court had recently reaffirmed the principle set forth in a 1918 state supreme court case that prejudice need not be shown in order to avoid coverage. *North River*, 757 S.W.2d at 335. Recognizing that a substantial number of jurisdictions had departed from this traditional view based a number of appealing considerations, the court then made the following observation which this court finds particularly helpful when evaluating the legitimacy of lower courts that depart from established Tennessee Supreme Court precedent:

> "These arguments are based on public policy considerations which are to be declared by the Supreme Court and the legislative branch. Accordingly, we are constrained to affirm the judgment [denying coverage]."

*Id.* at 336.

While this court finds the "substantial prejudice" doctrine more appealing, this court is constrained to find the duty to cooperate is a condition precedent and no resulting prejudice from the insured's failure to cooperate need be demonstrated to justify denial of coverage.

## CONCLUSION

It is not disputed that Fifer failed to submit to an examination under oath and deliberately lied to the insurance adjuster about important facts surrounding the accident. The court finds as a matter of law that Fifer breached his duty to cooperate and grants Allstate's motion for summary judgment.

IT IS SO ORDERED.

---

nessee state law, the subsequent state appellate court decision in *Goodner* clarifies this point. Indeed, even the *Thaxton* court recognized *Horton* as the controlling case on this issue before deciding not to follow it.